## IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA MARIE WILSON, | § | |
| ASHLEY RACHEL DELEON, | § | |
| et al. | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| NAVIKA CAPITAL GROUP, LLC, | § | JURY |
| PEARL HOSPITALITY, LLC, | § | |
| RUBY HOSPITALITY, INC., | § | |
| NAVEEN C. SHAH and | § | |
| ESPERANZA GUTIERREZ, | § | |
| | § | |
| Defendants. | § | |

### ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, Joanna Marie Wilson and Ashley Rachel deLeon, on behalf of themselves and other similarly situated persons, bring this collective action to recover unpaid minimum and overtime wages from Defendants, Navika Capital Group, LLC, Pearl Hospitality, LLC, Ruby Hospitality, Inc., Naveen C. Shah and Esperanza Gutierrez.

### A.  Nature of the Action

**Fair Labor Standards Act Overtime and Minimum Wage Claims**

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers. . . ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA sets overtime pay requirements for covered employers.  29 U.S.C. § 207(a).

2. Defendants violated the FLSA when they failed to pay Joanna Wilson, Ashley deLeon and other similarly situated persons their overtime wages. Accordingly, Plaintiffs bring this Original Collective Action Complaint under Section 216(b) of the FLSA to recover unpaid minimum and overtime wages.

3. Defendants violated the FLSA by not paying its employees, including plaintiff Wilson, the minimum wage set forth in the Act. See 29 U.S.C. § 206(a).

### B. Jurisdiction

4. This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 and 29 U.S.C. Sections  206 and 216(b).

### C. Venue

5. Venue is proper in the Southern District of Texas, Houston Division because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Alternatively, venue is proper in this district because all the Defendants are residents of the State of Texas, and Defendants Navika Capital Group, LLC, Pearl Hospitality, LLC and Esperanza Gutierrez are residents of the Southern District of Texas.

### D. The Parties

7. Plaintiff Joanna Marie Wilson is a resident of Ellis County, Texas.  She is a covered employee of Navika Capital Group, LLC, Ruby Hospitality, Inc. and Naveen Shah within the meaning of the FLSA.  Her consent to participate in this collective action is attached hereto as Exhibit 1.

8. Plaintiff Ashley deLeon is a resident of Harris County, Texas.  She is a covered employee of Navika Capital Group, LLC, Pearl Hospitality, LLC and Naveen Shah within the

meaning of the FLSA.  Her consent to participate in this collective action is attached hereto as Exhibit 2.

9.      The class of similarly situated persons consists of all current and former non-exempt employees of Navika Capital Group, LLC, Pearl Hospitality, LLC, Ruby Hospitality, Inc. and Naveen Shah who were not paid overtime and minimum wages in the past three years. These similarly situated persons are referred to as "Members of the Class" or "the Class."

10.      Defendant Navika Capital Group, LLC is a New York limited liability company doing business in the Southern District of Texas.  Its principal place of business is 100 Jericho Quadrangle Suite 206, Jericho, New York 11753.  It is an enterprise engaged in commerce which acted in the interest of an employer with respect to Plaintiffs and the Members of the Class.  It may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, because Defendant has engaged in business in Texas and has not designated an agent for service of process in Texas.  FED. R. CIV. P. 4(h)(1); TEX. CIV. PRAC. & REM. CODE § 17.044.

11.      Defendant Pearl Hospitality, LLC is a Texas limited liability company doing business in the Southern District of Texas.  Its principal place of business is 100 Jericho Quadrangle Suite 206, Jericho, New York 11753.  It is an enterprise engaged in commerce which acted in the interest of an employer with respect to Plaintiffs and the Members of the Class.  It may be served with process through its registered agent, Naveen C. Shah at 4024 Melear Drive, Arlington, Texas 76015, or wherever he may be found.

12.      Defendant Ruby Hospitality, Inc. is a Texas corporation doing business in Texas. Its principal place of business is 100 Jericho Quadrangle Suite 206, Jericho, New York 11753.  It is an enterprise engaged in commerce which acted in the interest of an employer with respect to

Plaintiffs and the Members of the Class. It may be served with process through its registered agent, Naveen C. Shah at 100 S. I-45, Ennis, Texas 75119, or wherever he may be found.

13.     Defendants Navika Capital Group, LLC, Pearl Hospitality, LLC and Ruby Hospitality, Inc. constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because their annual gross volume of sales exceeds $500,000, and their employees (including Plaintiff and the Class) handle goods that have been moved in or been produced in commerce.  29 U.S.C § 203(s)(1).

14.     Defendants Navika Capital Group, LLC, Pearl Hospitality, LLC, Ruby Hospitality, Inc., Naveen C. Shah and Esperanza Gutierrez acted directly or indirectly in the interest of an employer in relation to Plaintiffs and the Members of the Class.  29 U.S.C. § 203(d).  Defendants directed the day-to-day activities of Plaintiffs and the Members of the Class. Thus, the Defendants are "employers" under the FLSA.  *See* 29 C.F.R. § 791.2; *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 876-77 (5th Cir. 1989); *Tullous v. Texas Aquaculture Processing Co. LLC*, 579 F.Supp.2d 811, 820 (S.D. Tex. 2008).

15.     Naveen C. Shah is an individual who is doing business in the State of Texas. Shah may be served at his place of business at 100 S. I-45, Ennis, Texas 75119, or wherever he may be found.

16.     Esperanza Gutierrez is an individual residing in Texas and may be served at her place of business, 1702 N. Main St., Pearland, Texas 77581, or wherever she may be found.

### E.  Plaintiffs' Individual Allegations

17.     Defendants Navika Capital Group, LLC, Pearl Hospitality, LLC and Ruby Hospitality, Inc. operate hotels.  Among these hotels are a Holiday Inn Express in Pearland, Texas and a Baymont Inn & Suites in Ennis, Texas.

Wilson et al. v. Navika Capital et al.
Original Collective Action Complaint        Page 4 of 9

18.     Defendant Naveen Shah is an owner of Navika Capital Group, LLC.  Navika Capital Group, LLC and Naveen Shah directed the working hours and/or compensation for Plaintiffs Joanna Marie Wilson and Ashley Rachel deLeon.

19.     Defendant Esperanza Gutierrez is a manager working for Navika Capital Group, LLC and Pearl Hospitality, LLC at their Holiday Inn Express hotel in Pearland.  She directed the day-to-day activities of deLeon.

20.     Plaintiff Joanna Marie Wilson worked for Navika Capital Group, LLC and Ruby Hospitality, Inc. as a front desk clerk at their Baymont Inn & Suites hotel in Ennis, Texas.  As a full-time non-exempt employee, she was entitled to a minimum hourly wage.  29 U.S.C. § 206. She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Defendants Navika Capital Group, LLC, Ruby Hospitality, Inc. and Naveen Shah failed to pay Wilson her minimum wages for all hours worked, as well as overtime wages for all hours worked in excess of forty hours per week. Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Wilson worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

21.     Navika Capital Group, LLC and Ruby Hospitality, Inc. regularly directed Wilson's work, and Wilson does not fall within any exemption under the FLSA.

22.     Plaintiff Ashley Rachel deLeon worked for Navika Capital Group, LLC and Pearl Hospitality, LLC at their Holiday Inn Express hotel in Pearland, Texas.  As a full-time non-exempt employee, she was entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  29 U.S.C. § 207.  Defendants

Navika Capital Group, LLC, Pearl Hospitality, LLC, and Naveen Shah failed to pay deLeon her overtime wages for all hours worked in excess of forty hours per week.

23.      Navika Capital Group, LLC, Pearl Hospitality, LLC and Esperanza Gutierrez regularly directed deLeon's work, and deLeon does not fall within any exemption under the FLSA.

24.      The illegal pattern or practice on the part of Defendants with respect to minimum and overtime wages was in violation of the FLSA.   No exemption excuses Defendants from paying Plaintiffs their minimum and overtime wages.   Nor have Defendants made a good faith effort to comply with the FLSA.   Rather, Defendants knowingly, willfully and/or with reckless disregard carried out its illegal pattern or practice regarding the payment of wages to Plaintiffs.

### F.  The Collective Action Allegations

25.      Other hourly employees have been victimized by Defendants' patterns, practices, and policies which are in violation of the FLSA.   These hourly employees are similarly situated to Plaintiffs because they performed similar, nonexempt job duties and were denied minimum and overtime wages during the relevant time period.   Further, many of these employees have worked with Plaintiffs and reported they were not paid minimum and overtime wages.   Thus, from the discussions with these employees, Plaintiffs are aware that Defendants' illegal practices or policies have been imposed on other non-exempt employees.   Wilson's affidavit is attached hereto as Exhibit 3.

26.      Accordingly, Defendants' patterns or practices of failing to pay minimum and overtime wages as required by the FLSA are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.   Thus, Plaintiffs' experiences

are typical of the experience of the Members of the Class and collective action treatment is therefore proper.

27.     These employees, regardless of their rate of pay, who were denied minimum and overtime wages, are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All current and former non-exempt employees of Navika Capital
> Group, LLC, Pearl Hospitality, LLC, Ruby Hospitality, Inc. and
> Naveen Shah who were not paid minimum and overtime wages in
> the past three years.

28.     Further, Plaintiffs have retained counsel well versed in employee collective action litigation and are prepared to litigate this matter vigorously on behalf of themselves and the Members of the Class.

## G.  Causes of Action

29.     Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 28.

30.     Defendants' practice of failing to pay Plaintiffs and the Members of the Class all minimum and overtime wages was and is in violation of the FLSA.  29 U.S.C. §§ 206, 207. Accordingly, Plaintiffs and the Members of the Class are entitled to their minimum wages, as well as payment for all overtime hours worked in an amount that is one and one half times their regular rates of pay.

31.     No exemption applies to Plaintiffs and the Members of the Class.

## H.  Damages

32.     As a direct and proximate result of the Defendants' conduct, Plaintiffs and other similarly situated persons suffered the following injuries and damages:

    a.      Actual damages (overtime and unpaid wages, among others);

    b.      Liquidated damages in an amount equivalent to actual damages;

    c.      All reasonable and necessary attorneys' fees; and

    d.      All reasonable and necessary costs incurred in pursuing this lawsuit.

## I.  Attorney Fees & Costs

33.    Plaintiffs are entitled to an award of attorney fees and costs under 29 U.S.C. § 216(b) and other applicable laws relating to the claims made herein.

## J.  Jury Demand

34.    Plaintiffs hereby demand a trial by jury.

## K.  Prayer

35.    Plaintiffs Joanna Marie Wilson and Ashley Rachel deLeon respectfully request the Court to:

    a.      Authorize the issuance of notice at the earliest possible time to all Members of the Class employed by Defendants Navika Capital Group, LLC, Pearl Hospitality, LLC, Ruby Hospitality, Inc. and Naveen Shah during the three years immediately preceding the filing of this lawsuit informing them of their rights to participate in this lawsuit if they should so desire;

    b.      Declare that Defendants have violated the minimum and overtime provisions of the FLSA as to Plaintiffs and the Members of the Class;

    c.      Declare Defendants' violations of the FLSA to be willful;

d.      Award Plaintiffs and other similarly situated persons damages

for the amount of unpaid minimum wages and overtime wages

subject to proof at trial;

e.      Award Plaintiffs and other similarly situated persons an equal

amount as liquidated damages as allowed under the FLSA;

f.      Award Plaintiffs reasonable attorneys' fees, costs and expenses

of this action as provided by the FLSA; and

g.      Award such other and further relief under law or equity.

**Dated: May 3, 2010.**

Respectfully submitted,


__/s/ Howard L. Steele, Jr._____
Howard L. Steele, Jr.
Texas Bar No. 24002999
Federal Bar No. 21615
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
hsteele@steelesturm.com

OF COUNSEL
**STEELE STURM, PLLC**
Charles Sturm
Texas Bar No. 24003020
Federal Bar No. 21777
Mo Taherzadeh
Texas Bar No. 24028022
Federal Bar No. 29596
Victor Ang
Texas Bar No. 24059382
Federal Bar No. 962896