UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA MARIE WILSON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1569 |
| | § | |
| NAVIKA CAPITAL GROUP, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Before the Court is Plaintiffs Joanna Marie Wilson and Ashley Rachel DeLeon's Emergency Motion for Conditional Certification and Notice to Potential Class Members (Doc. 11), as well as Defendants Navika Capital Group, LLC, Pearl Hospitality, LLC, Ruby Hospitality, Inc., Naveen C. Shah, and Esperanza Gutierrez's response (Doc. 18) and Plaintiffs' reply (Doc. 20). Upon careful consideration of the motion, the response and reply thereto, the applicable law, and for the reasons explained below, the Court finds that Plaintiffs' motion should be denied.

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs seek an order conditionally certifying a class under the Fair Labor Standards Act and providing notice to members of the class of the existence of this suit and their right to opt-in. Plaintiff Joanna Marie Wilson alleges that during the period of her employment as a front desk clerk at Baymont Inn & Suites in Ennis, Texas, she was not paid "minimum wages for all hours she worked" and was not paid "overtime wages for all hours worked in excess of forty hours per week." (Doc. 1 at 5.) Plaintiff Ashley Rachel DeLeon alleges that during the period of her employment as a front desk clerk at the Holiday Inn Express in Pearland, Texas, she was not paid "overtime wages for all hours worked in excess of forty hours per

week." (*Id.* at 6.)  By their Emergency Motion for Conditional Certification, Plaintiffs seek conditional certification of a class of "all current and former non-exempt employees of Navika Capital Group, LLC, Pearl Hospitality, LLC, Ruby Hospitality, Inc., Naveen Shah and/or Esperanza Gutierrez who were not paid minimum and overtime wages in the past three years." (Doc. 11 at 9.)

In support of the Motion for Class Notice, Plaintiffs have submitted their own affidavits and the affidavits of Steve Vinkler and Sheila Collins.  Wilson alleges as follows:

> 4. I was employed by Ruby Hospitality, Inc. ("Ruby Hospitality"), which is owned by Naveen Shah.  I also received paychecks from Navika Capital Group, LLC ("Navika Capital").
>
> 5. While I was required to work more than forty hours per week, I did not receive time and a half wages for such overtime.  Additionally, the hours for which I was paid wages did not accurately reflect the hours I worked.  Because I received the minimum wage for the hours the company paid me for, when accounting for all of the hours I actually worked, my rate of pay was below the minimum wage.
>
> 6. Based on my discussions with at least eight other front desk clerks and two maintenance persons working for Ruby Hospitality, Navika Capital or Naveen Shah, I am aware that these employees have not been paid at their overtime rate for all hours worked in excess of forty hours per week.

(Doc. 11-2.)  Similarly, in her affidavit, DeLeon states:

> 4. I was employed by Pearl Hospitality, LLC ("Pearl Hospitality"), which is owned by Naveen Shah.  I also received paychecks from Navika Capital Group, LLC ("Navika Capital").  While employed by Peal Hospitality, Esperanza Gutierrez was my manager ans she directed my day-to-day activities.
>
> 5. While I was required to work more than forty hours per week, I did not receive time and a half wages for such overtime.  Additionally, the hours for which I was paid wages did not accurately reflect the hours I worked.  Because I received the minimum wage for the hours the company paid me for, when accounting for all of the hours I actually worked, my rate of pay was below the minimum wage.
>
> 6. Based on my discussions with at least five other front desk clerks working

>     for Pearl Hospitality, Navika Capital or Naveen Shah, I am aware that these employees have not been paid at their overtime rate for all hours worked in excess of forty hours per week.

(Doc. 11-6.)

Steve Vinkler, a maintenance worker at Baymont Inn & Suites in Ennis, Texas, states in his affidavit that he too was not paid overtime and that, "[b]ased on [his] discussions with other persons working for Ruby Hospitality, Navika Capital or Naveen Shah, [he is] aware that these employees have not been paid at their overtime rate for all hours worked in excess of forty hours per week."  (Doc. 11-8.)

Sheila Collins, who worked as a manager at Baymont Inn & Suites in Ennis, Texas, states in her affidavit that while she was employed by Ruby Hospitality, she oversaw "at least ten front desk clerks and maintenance persons," and "was directed by an employee of Navika Capital to falsify time when entering other employees' time on the payroll, so as to avoid Navika Capital having to pay overtime to these employees."  (Doc. 11-10).  Collins also states that she was not paid overtime when she worked more than forty hours per week.  (*Id.*)

Section 216(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated."  29 U.S.C. § 216(b).  However, "[n]o employee shall be a party plaintiff to such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought."  *Id.*  Thus, unlike a Fed. R. Civ. P. Rule 23 class action, a representative action under § 216(b) "follows an 'opt-in' rather than an 'opt-out' procedure."  *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995); s*ee also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975).  In *Hoffman-La Roche, Inc. v. Sperling*, the U.S. Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to

potential plaintiffs." 493 U.S. 165, 169 (1989).

Although the Fifth Circuit has not directly addressed the meaning of "similarly situated" in this context, it has reviewed two methods used to resolve this issue. The first approach, the *Shushan* method, treats the "similarly situated" inquiry as coextensive with Rule 23 class certification, and therefore, courts should consider numerosity, commonality, typicality and adequacy of representation to determine whether to certify a class. *See Mooney*, 54 F.3d at 1214, citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990). The second method is the two-stage class certification process set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987). *See Mooney*, 54 F.3d at 1213.

The two-stage process consists of a "notice" stage followed by a "decertification" stage. *Mooney*, 54 F.3d at 1213–14. During the "notice" stage, the Court determines whether notice of the action should be given to potential class members. *Id*. Since the evidence available is limited, the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt-in." *Id*. at 1214. Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification." *Id*. At this stage, the Court makes a factual determination from discovery evidence of whether the plaintiffs are "similarly situated." *Id*. If the Court finds that the plaintiffs are "similarly situated," then the case proceeds as a representative action. *Id*. If the Court finds that the plaintiffs are not "similarly situated," then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id*.

Defendants maintain that Plaintiffs have not met even the low quantum of proof required for conditional certification in a case such as this. In particular, Defendants argue that the

Plaintiffs' affidavits are conclusory and that Plaintiffs failed to submit proof that those to be included in the proposed class were "similarly situated." Defendant Naveen Shah's affidavit explains that the business interests of Navika Capital Group, LLC ("Navika") are diverse, that the hotels at which Plaintiffs were employed are owned by separate corporations, and that the various properties owned and operated by Navika in six different states employ many people in a variety of different jobs.[1] Defendants argue that given the diversity of Navika's business interests, Plaintiffs cannot show that they are similarly situated to those that would fall within the proposed class.

Under *Lusardi*, it is not enough for Plaintiffs to show that *some* members of the proposed class *may be* similarly situated to them Rather, Plaintiffs must offer some evidence that the proposed class, as a whole, is made up of individuals that *are* similarly situated to them. *See McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 801 (S.D. Tex. 2010) ("a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved

---

[1] Shah states:

    2. I am the President and CEO if Defendant Navika Capital Group, LLC. Navika is a limited liability corporation organized under the law of the State of New York with its principal place of business in the State of New York. The stock in Navika is owned by several hundred investors of which I am only one.
    3. Navika is engaged in the business of investing in commercial real estate. Navika itself does not directly own any property and has a limited number of employees, almost all of whom are located in the corporate office in Uniondale, New York.
    4. Each property related to Navika is owned by a separate corporate entity the stock of which is owned by Navika. These various corporate entities own a variety of types of property, including hotels, office buildings, shopping centers, and multi-family housing. In each instance, these separate corporate entities employ individuals who conduct the daily affairs of the properties. Among these entities are Defendant Pearl Hospitality, Inc., which owns and operates a Holiday Inn Express in Pearland, Texas, and Defendant Ruby Hospitality, Inc., which owns and operates a Baymont Inn & Suites in Ennis, Texas. I do not personally own any of the Navika related entities or properties and do not personally employ any individual performing services for those entities or properties or supervise their daily activities. All together, Navika related entities own and operate approximately 23 properties located in six different states.

Affidavit of Naveen C. Shah, attached to Defendants' Corrected Response (Doc. 18).

individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.").

Utilizing the two-stage process in this case, Plaintiffs have failed to satisfy the lenient standard recognized in *Lusardi*. The affidavit evidence offered by the Plaintiffs shows only that there are others, similarly situated to Plaintiffs, at the two hotels where each of the Plaintiffs worked. Plaintiffs provide no evidence of similarly situated employees at other hotels owned, operated, or managed by Defendants and no evidence that Defendants employed all members of the proposed class. The contents of Defendant Shah's affidavit and the conclusory nature of the affidavits submitted by Plaintiffs do not support a class extending beyond hotel employees at the two hotels where Plaintiffs were employed.[2]

Accordingly, the Court hereby **ORDERS** that Plaintiffs' Emergency Motion for Conditional Certification and Notice to Potential Class Members (Doc. 11) is **DENIED**.

The case is **REFERRED** to Magistrate Judge Frances H. Stacy for entry of an updated scheduling order. (See Doc. 24.)

SIGNED at Houston, Texas, this 22nd day of July, 2011.

                                        MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs argue in their Reply (Doc. 20) that they are not seeking certification of a class made up of *all* of Defendants' employees, but rather only Defendants' *hotel* employees. This characterization of the scope of Plaintiffs' proposed class is disingenuous. While Plaintiffs allege that Defendants' "non-exempt hotel employees" are similarly situated, Plaintiffs clearly sought a class of "all current and former non-exempt employees." (*See* Doc. 11 at 8–9; Doc. 11-11.)