IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOANNA MARIE WILSON, et al., § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-10-1569 |
| § | |
| NAVIKA CAPITAL GROUP, LLC, et al., § | |
| Defendants. § | |

## ORDER

Before the Magistrate Judge upon referral from the District Judge are four discovery-related motions: (1) Defendants' Motion to Compel (Document No. 414), in which Defendants seek an Order compelling Plaintiffs to provide responses to Interrogatories and Requests for Production as to each of the opt-in Plaintiffs; (2) Plaintiffs' Motion for Contempt, Sanctions, and to Strike Affirmative Defenses (Document No. 416), in which Plaintiffs maintain that: (a) Defendants' CEO Naveen C. Shah committed perjury when he testified at his deposition that he directed others to pay overtime to employees; and (b) Defendants' affirmative defenses are frivolous; (3) Plaintiffs' Motion for Reconsideration (Document No. 421), in which Plaintiffs seek reconsideration of the Order filed on April 16, 2013, denying Plaintiffs' Motion to Compel; and (4) Plaintiffs' Motion for Status Conference (Document No. 422), in which Plaintiffs seek a status conference to address "how affected employees can join the lawsuit." Having considered this flurry of motions, the responses, submitted evidence and additional briefing, it is

ORDERED that Defendants' Motion to Compel (Document No. 414) is GRANTED in PART and DENIED in PART. Defendants are entitled to know basic information about the opt-in Plaintiffs, including their positions, location(s) of employment, job duties, salaries, and alleged damages. While Defendants' requests for production and some of their interrogatories seek

information well beyond that which is basic, interrogatory nos. 1-9 are sufficiently narrow and tailored to provide such basic information about the opt-in plaintiffs. As such, Plaintiffs, including the opt-in Plaintiffs, shall provide Defendants with responses to interrogatory nos. 1-9 within thirty days after the entry of this Order. The remainder of Defendants' Motion to Compel as to the opt-in Plaintiffs is denied at this time. It is further

ORDERED that Plaintiffs' Motion for Contempt, Sanctions, and to Strike Affirmative Defenses (Document No. 416) is DENIED, but without prejudice to being re-urged at the time of trial. From both sides' submissions, it cannot be ascertained, as a matter of law, whether Naveen C. Shah provided *perjured* testimony at his deposition, or whether such testimony was merely inconsistent with the testimony given by other witnesses. As for Defendants' affirmative defenses, Defendants have agreed to withdraw their affirmative defenses of "failure to mitigate" and "laches." The remaining affirmative defenses are not frivolous on their face. It is further

ORDERED that Plaintiffs' Motion for Reconsideration (Document No. 421) is DENIED. Although Plaintiffs argue in the Motion for Reconsideration that all Defendants need to do is "produce a spreadsheet from ADP," Defendants have represented that such a spreadsheet does not currently exist. As there is no obligation under the Federal Rules of Civil Procedure for Defendants to create, or pay to have created, an ADP spreadsheet, there is no basis for reconsidering the April 16, 2013, Order denying Plaintiff's Motion to Compel. However, to the extent there is information from which an ADP spreadsheet can be created, Defendants shall either provide such information to Plaintiffs or reference information and documents that have already been produced, so that Plaintiffs can bear the cost of having such a spreadsheet created. This shall be done within fourteen days after the entry of this Order. It is further

ORDERED that Plaintiffs' Motion for Status Conference (Document No. 422) is DENIED. Absent some concrete request or proposal from Plaintiffs for the inclusion of more "affected employees," a status conference to address such an issue would not be productive.

Signed at Houston, Texas, this 20th day of May, 2013.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE