UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA MARIE WILSON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-1569 |
| | § | |
| NAVIKA CAPITAL GROUP, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Defendants Navika Capital Group, LLC et al's Motion In Limine to Dismiss (Doc. 456) and Motion for Reconsideration of Order on Motion for Extension of Time. Doc. 466. Having considered the motions, the facts in the record, and the applicable law, the Court concludes the motions should be granted.

## I.    Background

This is a collective action for unpaid overtime under the Fair Labor Standards Act of 1938 (FLSA). 29 U.S.C. Ch. 8. On February 9, 2012, the Court granted conditional certification of "current and former non-exempt hotel employees of [Defendants] who were not paid minimum and overtime wages between May 3, 2007 and today." Doc. 34 at 3. Approximately 330 Plaintiffs returned consent forms. Docs. 32-1; 32-2; 52-314; 316-360; 362-380; 384; 387-388; 390; 408-409; 412; 424; 426. On May 21, 2013, after a contentious discovery dispute, Magistrate Judge Stacy ordered all Plaintiffs to provide specified "basic information" about their claims within thirty days. Doc. 433. The deadline was extended to August 2, 2013 "and no later." Doc. 441. By August 2, 2013, 29 of the 330 opt-in Plaintiffs had submitted proper responses. Another 130 submitted untimely, unverified, or otherwise incorrect responses. Doc. 445 at 3. On January 17, 2014, the Court dismissed without prejudice all Plaintiffs who had failed to submit

responses by August 27, 2013, allowing those who had submitted unverified responses to file verifications within twenty days. The Court dismissed on summary judgment 26 Plaintiffs who did not allege overtime violations and any Plaintiff "whose last date of employment was prior to May 3, 2007." The Court ordered the parties to jointly submit a list of remaining Plaintiffs and ordered the remaining Plaintiffs to provide Defendants individual damages computations within 20 days. Doc. 447 at 31–33. Plaintiffs failed to submit the list of Plaintiffs or damages computations by the deadline. Doc. 460 at 5. On February 10, 2014, Plaintiffs filed a motion to compel, which was denied by Judge Stacy on the following grounds:

> Plaintiffs essentially seek an Order requiring Defendants to provide them with concise information from which they can calculate their damages. Such information, as has been the case for over a year, is in the documents Defendants have produced to Plaintiffs. Moreover, as has been made clear on at least two occasions, *see* Document Nos. 417 and 433, Defendants are not required to themselves cull through those documents and create a spreadsheet or other document for Plaintiff to use to prove their claims and/or their damages. . . . Plaintiffs have not shown, at this late date, and after numerous extensions of time have already been granted for them to provide their damage calculations, that they are entitled to anything more.

Doc. 453 at 1–2. Defendants filed a Motion In Limine to Dismiss, now pending, on grounds that Plaintiffs failed to provide any damage calculations or trial plan. Doc. 456.

On April 2, 2014, Plaintiffs finally filed a "supplemental trial plan" with an attached "damage model," which the Court found failed to satisfy the order to provide individualized damages, and with lists of fourteen Plaintiffs who failed to provide verifications by the deadline in the January 17, 2014 Order, seventeen Plaintiffs who "should be removed because they have no damages," and eight Plaintiffs who were "unable to attend trial." Doc. 457 at 1–2. On June 4, 2014, the Court decertified the remaining class and dismissed their individual claims without prejudice, stating: "To avoid prejudice to individual opt-in Plaintiffs who have been dismissed and who may choose to file their own cases, the Court invokes its equity powers to toll the

applicable statute of limitations for 30 days after the entry of this Order." Doc. 460 at 11. Plaintiffs filed a Motion for Reconsideration and Extension (Doc. 463) and an Amended Motion (Doc. 464), requesting an additional fourteen days of equitable tolling. The court granted the Motion prior to the expiration of the time for Defendants to respond. Doc. 465.

Defendants have now filed a Motion for Reconsideration in response to the granting of Plaintiff's Motion for Reconsideration and Extension, seeking to reset the expiration of equitable tolling to July 7, 2014 for 32 named individuals and to clarify that the other approximately 300 opt-in plaintiffs are dismissed from the case. Doc. 466. Defendants have supplemented the pending Motion In Limine to Dismiss, arguing that although the Court expressly dismissed all opt-in Plaintiffs in the decertification order, in addition to Sheila Collins, the four other named plaintiffs should also be dismissed for failure to disclose damages. Doc. 461 at 3. Plaintiffs have failed to respond to the pending motions.

## II.    Motion for Reconsideration

### A.    Standard

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b).  A district court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara  Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

B.      Discussion

Plaintiffs requested an extension of equitable tolling in order to file individual actions in other jurisdictions. Plaintiffs argued: "Several jurisdictional filing requirements have been problematic. One example is the Western District of Missouri; however, the undersigned's filing complications are not limited to just one jurisdiction." Doc. 464. In regard to the Western District of Missouri, Plaintiffs asserted: "Unlike every other jurisdiction, the W.D. Mo. requires strict compliance with the local electronic filing rules," and an extension was necessary "to ensure that the court staff can process the application and provide the password and login information to file the complaint." Doc. 463. Defendants have submitted PACER search results indicating that, as of July 24, 2014 (seventeen days after the original request for an extension), no action had been filed against Navika Capital Group in the Western District of Missouri, but two actions had been filed in Alabama and Oklahoma. Doc. 466-6.

A current search on PACER Case Locator shows five cases filed by 55 (out of 330) individual Plaintiffs against Defendant subsequent to the June 4, 2014 decertification order. Doc. 460.

1) *Johnson et al v. Navika, LLC et al*, No. 4:14-cv-144-BAE-GRS (S.D. Ga. July 7, 2014) (four plaintiffs)
2) *Anne Bond, et al. v. Navika Capital Group, LLC, et al.*, No. 1:14-cv-00627-SS (W.D. Tex. July 7, 2014) (twenty-one plaintiffs)
3) *Carrier et al v. Navika Capital Group, LLC et al*, No. 1:14-cv-311-KD-C (S.D. Ala. July 8, 2014) (fourteen plaintiffs)
4) *Cassandra Botello, et al. v. Navika Capital Group, LLC, et al.*, No. 4:14-cv-378 (N.D. Okla. July 9, 2014) (eleven plaintiffs)
5) *Chappell et al v. Navika Capital Group, LLC et al*, No. 2:14-cv-04199-SRB (W.D. Mo. July 28, 2014) (five plaintiffs)

The latter three cases were filed after the original 30-day tolling period, which expired July 7, 2014, but within the 14-day extension, which expired July 28, 2014.[1] Withdrawing equitable

---

[1] The decertification order provided a 30-day tolling period after the date of entry of the order, which was June 5,

tolling in the latter three cases could result in dismissal of the claims of thirty plaintiffs in Alabama, Oklahoma, and Missouri.

In regard to Plaintiffs' argument that other jurisdiction's filing requirements were "problematic," the Court takes judicial notice of the record in the above five cases. In each case, Plaintiffs failed to serve Defendants within 120 days, and Defendants filed pending motions to dismiss, inter alia for lack of timely service. In the Georgia case, Plaintiffs moved for an extension after 120 days; a 30-day extension was granted, and Plaintiffs served Defendants several days after the extended deadline. In the Alabama case, Plaintiffs failed to serve Defendants within a 45-day local rule. Again, Plaintiffs filed a motion to extend after 120 days; a 30-day extension was granted, and Plaintiffs served Defendants several days late. In the Oklahoma case, Plaintiffs again filed an untimely motion to extend but served Defendants before the extension expired. In the Missouri case, Plaintiffs timely filed a motion to extend until March but as of February 18, 2015 had yet to serve defendants. In the Western District of Texas case, the court denied a motion to extend, explaining:

> Counsel does not provide any information as to why it took from July to October to find out that a lawyer was not allowed to accept service on behalf of a client. Thereafter, he states that on November 5 certified mail containing suit papers were sent to "various registered agents and business addresses on the Secretary of State's website." These notices requested executed waivers of service instead of a summons where service could be accomplished. Apparently, this was not overly successful as he alleges that another attempt to serve the remaining defendants through registered agents was made on November 17, 2014 by registered mail, but no confirmation has been received. In short, counsel established no efforts whatsoever from July 7, 2014 to October of 2014 on any attempted service on the eleven defendants, ten of which appear to be business establishments wherein addresses would not be difficult to obtain in this day and time.

Doc. 5, *Anne Bond, et al.* v. *Navika Capital Group, LLC, et al.,* No. 1:14-cv-00627-SS (W.D. Tex. Nov. 21, 2014). In response to a motion to dismiss, Plaintiffs explained:

---

2014. The 30-day period ended on July 5, 2014, a Saturday, and was automatically extended until Monday, July 7, 2014. Fed. R. Civ. P. 26(a)(1)(C).

> Between July and October Plaintiffs' counsel was inundated with his trial docket
> as several cases were set for trial. Serving the lawsuit did not take priority, this
> was an error in counsel's judgment as service has never been as complicated as it
> has in this case.

Doc. 27 at 5, *Anne Bond,* No. 1:14-cv-00627-SS. Plaintiffs pointed out that Defendants denied

timely requests waivers of service and were clearly aware of the complaint, since Defendants

cited the PACER search results to the pending Motion in this Court and attached the complaints

from all cases except the Missouri case. Docs. 466-2 to 466-6. The Missouri court, meanwhile,

granted a 90-day extension of service "[i]n light of defendants' actual knowledge of the suit"

through unsuccessful attempts to serve Defendants' counsel. Doc. 11 at 2, *Chappell et al v.*

*Navika Capital Group, LLC et al*, No. 2:14-cv-04199-SRB (W.D. Mo. Dec. 12, 2014). After

reviewing the cases filed in other jurisdictions subsequent to decertification, it is apparent that

Plaintiff's argument for seeking an extension of equitable tolling was without merit. Plaintiffs

failed to exercise due diligence in serving Defendants.

## III.   Motion In Limine

All remaining Plaintiffs[2] are dismissed under Rule 37(c)(1), as explained in the January

17, 2014 Order. Doc. 447 at 14 ("The Court orders that Plaintiffs provide Defendants with

individual damages computations within twenty (20) days of this order. Plaintiffs who do not

provide an individual computation of damages will be dismissed without prejudice.").

## IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion in Limine (Doc. 456) is **GRANTED**, and

**ORDERED** that, pursuant to Fed. R. Civ. P. 37 and/or 41(b), all plaintiffs are hereby

**DISMISSED** without prejudice for failure to comply with the Court's 17 January 2014 Order

---

[2] Remaining plaintiffs who have not been voluntarily or involuntarily dismissed appear to include only named plaintiffs Ashley Rachel DeLeon and Joanna Marie Wilson.

(Doc. 447), which required each plaintiff to disclose an individual computation of damages with supporting documentation by 10 February 2014; and

ORDERED that Defendants' Motion for Reconsideration (Doc. 466) is **GRANTED**; Plaintiffs' Motion for Reconsideration and Extension (Doc. 463) and Amended Motion for Reconsideration and Extension (Doc. 464), having been reconsidered, are **DENIED** in their entirety, and

ORDERED that equitable tolling of the applicable statute of limitations applied only to Amanda Arnold, Anne Bond, Teresa Carrier, Dany Cruz, Ashley Foege, Theresa Ford, Jamilla Garcia, Kaylynn Garcia, Tyshella Harvey, Stephanie Kennedy, Glynda Kyle, James Lane, Linda Law, Celia Leon, Eloy Luciano, LaToya Maxwell, Adrianne McFerrim, April McGee, Eric Nordheim, Nocolas Pereyra, Antonio Proctor, Lakitha Reed, Wanda Rivera, Travis Schoue, Bobby Smith, Mathew Stephenson, Stephanie Weber, Ashley Welch, Carolyn White, Marisha White, Melissa Wilkins and Robbie Williams; and

ORDERED that the tolling extension order (Doc. 465), having been, on reconsideration, denied, the equitable tolling mentioned above, expired on July 7,  2014; and

ORDERED that this action is dismissed in its entirety.

SIGNED at Houston, Texas, this 14th day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE